IN THE UNITED STATES DISTRICT COURT
STATE OF OHIO
NORTHERN DISTRICT

| | |
|---|---|
| MANSFIELD BUSINESS PARK, LLC, et al., | CASE NO.: 1:16-CV-01134 |
| Plaintiffs, | JUDGE PATRICIA A. GAUGHAN |
| v. | **ANSWER OF DEFENDANT MT. HAWLEY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT** |
| MT. HAWLEY INSURANCE COMPANY, et al., | |
| Defendants. | ***JURY DEMAND ENDORSED HEREON*** |

Now comes Defendant Mt. Hawley Insurance Company ("Mt. Hawley") and for Answer to Plaintiffs' Complaint states as follows:

1) Paragraph 1 is denied for lack of knowledge

2) In response to Paragraph 2, Defendant states that the allegations in the Complaint filed in the Underlying Lawsuit speaks for itself.

3) Paragraph 3 is denied.

4) In response to Paragraph 4, Defendant states that the Magistrate's Decision speaks for itself.

5) In response to Paragraph 5, Defendant states that the Court's Order speaks for itself.

6) Defendant incorporates by reference the answers to the allegations contained in Paragraphs 1 through 5 as if fully rewritten herein.

7) Paragraph 7 is denied for lack of knowledge.

8) As to Paragraph 8, Defendant admits only that Mt. Hawley Insurance Company issued Commercial General Liability Policy No. MGL0174952 to named insured, Statewide Recycling & Recovery, Inc. bearing effective dates of 7/22/2012 – 7/22/2013. Further answering, Defendant states that the policy speaks for itself.

9) In response to Paragraph 9, Defendant states that the policy speaks for itself.

10) Paragraph 10 is denied.

11) Paragraph 11 is denied.

12) Paragraph 12 is denied.

13) Paragraph 13 is denied.

14) Paragraph 14 is denied.

15) Paragraph 15 is denied.

16) Paragraph 16 is denied.

17) Defendant incorporates by reference the answers to the allegations contained in Paragraphs 1 through 17 as if fully rewritten herein.

18) Paragraph 18 is denied for lack of knowledge.

19) Paragraph 19 is denied for lack of knowledge.

20) Paragraph 20 is denied for lack of knowledge.

21) Paragraph 21 is denied for lack of knowledge.

22) Paragraph 22 is denied for lack of knowledge.

23) Paragraph 23 is denied for lack of knowledge.

24) Paragraph 24 is denied for lack of knowledge.

25) Paragraph 25 is denied for lack of knowledge.

26) Paragraph 26 is denied for lack of knowledge.

27) Paragraph 27 is denied for lack of knowledge.

## AFFIRMATIVE DEFENSES

1) Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant Mt. Hawley.

2) The claims referenced in Plaintiffs' Complaint are barred, in whole or in part, pursuant to the terms, conditions, endorsements and exclusions of Commercial General Liability Policy No. MGL0174691.

3) The Mt. Hawley policy provides coverage only to persons and/or entities that qualify as an insured thereunder and Mt. Hawley has no obligation under a Mt. Hawley policy to the extent that the actions, omissions or other conduct of an insured is not implicated by the claims in the Underlying Suit.

4) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent that the insured has impaired or prejudiced any right of subrogation, indemnification or contribution that Mt. Hawley has or may have had.

5) Coverage under the Mt. Hawley policy for the Underlying Suit may be barred to the extent that Plaintiffs have failed to mitigate, minimize or avoid any damage it allegedly sustained.

6) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent that the Environmental Claim does not arise from "property damage" as that term is defined in the Mt. Hawley policy.

7) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent the underlying Suit does not arise from an "occurrence" as that term is defined in the Mt. Hawley policy.

8) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent that the notice requirement under the Mt. Hawley policy has not been satisfied.

9) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent that the Underlying suit arises from property damage which occurred outside the period of the Mt. Hawley policy.

10) The Mt. Hawley policy does not provide coverage for the Underlying suit to the extent that the relief sought by Plaintiffs includes costs that do not involve "damages" as that term is used in the Mt. Hawley policy.

11) The Mt. Hawley policy does not provide coverage for the Underling Suit to the extent that Plaintiffs are seeking recovery for any voluntary payments or payments that they have made in connection with the Underlying Suit prior to tender of the Underlying Suit to Mt. Hawley.

12) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent that sums assessed against a Mt. Hawley insured as punitive damages, fines, or penalties are sought.

13) The Mt. Hawley policy does not provide coverage for the Underlying Suit to the extent it is determined that the injuries or damages at issue were "expected or intended" from the standpoint of a Mt. Hawley insured.

14) The Mt. Hawley policy does not provide coverage for the Underlying suit to the extent that a Mt. Hawley insured has failed to comply with the provision of the Mt. Hawley policy requiring the assistance and cooperation of that insured in connection with the claim for which coverage is being sought.

15) Mt. Hawley has no obligation under the Mt. Hawley policy to the extent that material misrepresentations or omissions were made in the course of the procurement of Mt. Hawley's policy.

16) The claims referenced in Plaintiffs' Complaint may be barred, in whole or in part, to the extent that property damage occurred to property owned or occupied by or rented to an insured.

17) Plaintiffs' Complaint does not set forth sufficient facts to allow Mt. Hawley to determine all potential Affirmative Defenses (including defenses based upon the terms, conditions, or exclusions of the policy that has been issued by Mt. Hawley). Accordingly, Mt. Hawley reserves its right to assert additional defenses when such information is ascertained through discovery and further investigation. Mt. Hawley specifically reserves the right to rely upon any defense arising from the terms, conditions and exclusion of its Policy.

WHEREFORE, having fully answered, Defendant Mt. Hawley Insurance Company prays that this action be dismissed as against it with costs to Plaintiffs.

**JURY DEMAND**

A trial by jury of the maximum number of jurors allowable by law is hereby demanded.

/s/*Holly Marie Wilson*
David Ross (0005203)
Holly Marie Wilson (0074291)
REMINGER CO., LPA
101 W. Prospect Ave., Suite 1400
Cleveland, OH 44115
(216) 687-1311
Fax: (216) 687-11841
dross@reminger.com
hwilson@reminger.com

*Attorneys for Defendant, Mt. Hawley Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Answer has been filed electronically this 19th day of May, 2016 via this Court's electronic filing system. Service copies have been made via the Court's filing system to all parties.

/s/ *Holly Marie Wilson*
Holly Marie Wilson (0074291)