## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MANSFIELD BUSINESS PARK, LLC, et al. | CASE NO. 2016-CV-01134 |
| Plaintiffs, | JUDGE PATRICIA GAUGHAN |
| vs. | **PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| MT. HAWLEY INSURANCE COMPANY, et al. | |
| Defendants. | |

Now come Plaintiffs, Mansfield Business Park, LLC, Stuart Lichter and Ohio Realty Advisors, LLC ("Plaintiffs"), by and through undersigned counsel, and in accordance with this Court's February 10, 2017 case management order, submit their First Amended Complaint and state as follows:

### THE UNDERLYING LAWSUIT

1. On September 16, 2013, Plaintiffs filed a lawsuit against Statewide Recycling & Recovery, Inc. and Statewide Mansfield, LLC ("Statewide"), the Afcose Group, LLC ("Afcose"), and Pete Velasquez d/b/a SOS Environmental (collectively "Underlying Defendants") for, *inter alia,* the Underlying Defendants' containment, disposition, and release of asbestos-containing materials in connection with the demolition of real property and improvements located at 245 East Fourth Street in Mansfield, Ohio, commonly known as the "Mansfield Business Park ( "Subject Property").

2. The underlying lawsuit, *Mansfield Business Park, LLC, et al. v. Statewide Recycling and Recovery Inc., et al.,* Case No. 13 CV 1011 was filed in the Richland County Court of Common Pleas ("Underlying Lawsuit"). The Complaint in the Underlying Lawsuit is attached hereto as Exhibit 1.

3. All Defendants in the Underlying Lawsuit were served with process and were under the subject matter and personal jurisdiction of the Richland County Court of Common Pleas.

4. On February 8, 2016, a Magistrate's Decision was issued pursuant to Ohio Rule of Civil Procedure 53(E). A true and accurate copy of the court's Magistrate's Decision is attached hereto as Exhibit 2. The Magistrate's Decision held in relevant part as follows:

> "1. Shelley Walzak, property manager of IRG Realty Advisers LLC for plaintiff Ohio Realty Advisers LLC established through invoices and business records that defendants Statewide, Afcose and Velasquez are indebted to plaintiffs Mansfield Business Park, Ohio Realty and Lichter a total of $1,697,175.20, computed as follows:
>
> | VENDOR | AMOUNT |
> |---|---|
> | Pinnacle Environmental Consultants | $    89,993.93 |
> | Sitetech, Inc. | 554,806.40 |
> | Ray Berolini Trucking | 1,010,000.00 |
> | Dorband and Associates | 6,857.64 |
> | Nationwide Fence Company | 35,511.30 |
> | TOTAL | $1,697,175.20 |
>
> **2. The Magistrate finds those costs to be reasonable, necessary and the evidence credible for the environmental cleanup at the Mansfield Business Park Site. (emphasis added)**
>
> * * * * *

## CONCLUSIONS OF LAW/RECOMMENDED JUDGEMNT

1. It is recommended that plaintiffs Mansfield Business Park, Lichter and Ohio Realty Advisers nka IRG Realty Advisers be granted judgment against defendant Statewide, Afcose and Velasquez in the amount of $1,697,175.20.

2. The judgment against the three defendants should be awarded with joint and several liability. Liability for actions brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA)[1] (42 USCA 42 §9607) is joint and several. A defendant may avoid joint and several liability under CERCLA if it can demonstrate the harm is divisible[2], but no such proof was offered in the instant case."

\* \* \* \* \*

5. On March 10, 2016, Judge Brent N. Robinson and the Richland County Common Pleas Court journalized an Order adopting the Magistrate's Decision in its entirety. Additionally, the Court ordered that interest be "assessed at the legal rate provided in R.C. 1343.03 (A) and R.C. 5703.47 on monetary judgment(s) from the date of the magistrate's decision until paid." A true and accurate copy of the Court's Order is attached hereto as Exhibit 3.

## THE SUPPLEMENTAL COMPLAINT AND THE UNDERLYING LAWSUIT

6. On April 16, 2016, Plaintiffs filed their original supplemental complaint in the Richland County Court of Common Pleas, naming Mt. Hawley Insurance Company ("Mt. Hawley") and Rockhill Insurance Company ("Rockhill") as defendants.

---

[1] See 42 US CA 42 §9607 and *Murtaugh et al v. New York et al.,* (2011 US Dis. Ct NY) 810 F. Supp 2d. 446.
[2] See *Acushnet Co. v. Mohasco Corp.* (1991 1st Dist. C.A. Mass.) 191 F3d69, *New Castle County v. Haliburton NUS Corp.* (1997) 3rd Dis. C.A. Del.) 116 F3d 82.

3

7. On or about May 10, 2016, Rockhill removed the Supplement Complaint from the Richland County Common Pleas Court, to this Honorable Court.

8. On July 8, 2016, Rockhill filed a Motion to Intervene and Vacate the Default Judgment Entered Against its insured Afcose Group, LLC.

9. On July 13, 2016, Afose Group, LLC, by and through counsel appointed by Rockhill, likewise filed a Motion to Vacate the Default Judgment Entered Against Afcose under Civ. R. 60(B)(5).

10. On August 1, 2016, Plaintiffs filed a Combined Opposition to Rockhill's and Afcose's Motions.

11. On September 23, 2016, the Richland County Common Pleas Court held oral arguments with regard to Rockhill and Afcose's Motions.

12. At oral arguments, Rockhill was represented by Mr. David Alt, counsel for Rockhill in the within matter.

13. At oral arguments, Afcose was represented by Mr. Gregory DeGulis, counsel hired by Rockhill on behalf of its insured Afcose.

14. On December 5, 2016, Magistrate Gary Dalbey, issued a Magistrate Decision in favor of Plaintiffs summarily denying Rockhill's and Afcose's respective motions. The December 5, 2016 Magistrate Decision is attached hereto as Exhibit 4.

15. Magistrate Dalbey held in relevant part the following:

> "Afcose Group's motion to vacate default judgment pursuant to Civil Rule 60(B)(5) should be overruled because Afcose was properly served with the complaint after the plaintiff exercised reasonable diligence in serving Afcose.
> ***
> Whether a party exercises reasonable diligence is fact dependent and require taking steps which an individual of ordinary prudence would reasonably expect to be

4

successful in locating a defendant's address. The Magistrate finds that the plaintiff met the Supreme court standards...

\*\*\*

The motion of Rockhill Insurance Company to intervene and vacate Mansfield Business Parks' default judgment against defendant Afcose should be overruled.

\*\*\*

The magistrate has already concluded that the plaintiff used reasonable diligence in serving process upon defendant Afcose, and will not repeat that same analysis in regards to Rockhill's motion to vacate that default judgment.

\*\*\*

The plaintiff sets forth two reasons why Rockhill has no right to intervene: 1) Rockhill's motion fails to comply with the mandatory requirement of Civil Rule 24(C) that the motion have attached to it a separate pleading as defined in Civil Rule 7(A) setting forth the claim or defense for which intervention is sought, and 2) Rockhill's motion to intervene is not timely.

\*\*\*

Rockhill does not contend that it attached a separate pleading to its motion to intervene which addresses its claims or defenses but instead argues that it didn't need to because its motion to vacate advised the court of its reason to intervene. It cites two 8th district decisions in support of that position. But that position contradicts both the requirements of the rule itself and the holding of our 5th District Court of Appeals[3] and the Ohio Supreme Court.[4]

\*\*\*

Alternatively, the Magistrate would also conclude the motion was untimely filed. The Magistrate has inspected the subpoena duces tecum issued to Rockhill on April 23, 2014 from this court. The subpoena is clearly captioned with the parties, date, case number, and judge on its face. Exhibit A to the subpoena at paragraph 8 shows plaintiff Rockhill is seeking all insurance policies it has with Afcose as its insured. A letter submitted at the Magistrate's hearing indicated that Jerry Brumfield, Rockhill's VP-Associate General Counsel, Assistant Secretary, responded to the document request. Rockhill does not dispute it received the subpoena in April 2014. It is also undisputed that Rockhill filed its motion to intervene in July 2016 – 2 years and 3 months later."

\*\*\*

16. On April 6, 2017, the Richland County Court of Common Pleas journalized Judge Brent N. Robinson's Judgment Entry adopting the December 5, 2016 Magistrate Decisions summarily denying Rockhill's and Afcose's Motions. See Judge Robinson's Judgment Entry attached hereto as Exhibit 5.

---

[3] See *Avant Corp v. Morelli Realty Corp* (2005 5th Dis.) 2005 Ohio App LEXIS 6055
[4] See *Tatman v. Fairfield County Board of Elections* (2004) 102 Ohio St 3d 425,426-427.

5

17. Judge Robison's Judgement Entry is a final appealable order, instructing that there is "no just reason for dealy"

## CLAIM FOR RELIEF: DECLARATORY JUDGMENT (MT. HAWLEY INSURANCE)

18. Plaintiffs reincorporate, by reference, all of the proceeding paragraphs of this Complaint as if fully rewritten herein.

19. At all relevant times Statewide was responsible for demolition of improvements and the containment and disposition of asbestos containing materials at the Subject Property.

20. At all relevant times, and as adjudicated in the Underlying Lawsuit, Statewide violated its duties under applicable law.

21. At all relevant times, Statewide had insurance policies in effect covering Plaintiffs' damages in the Underlying Lawsuit.

22. At all relevant times the demolition work, actions and inactions of Statewide, which caused, contributed or gave rise to the $1,697,175.20 in joint and several damages awarded to Plaintiffs in the underlying matter occurred within all applicable insurance policy periods effective dates.

23. Statewide had a Commercial General Liability Policy, containing original Policy No. MGL0174691 (the "Mt. Hawley Policy"), and bearing Renewal Policy No. MGL0174952, in effect with the Mt. Hawley Insurance Company ("Mt. Hawley") during the policy term of July 22, 2012 to July 22, 2013.  A true and accurate copy of the Mt. Hawley policy is attached hereto as Exhibit 6.

24. Upon information and belief, Mt. Hawley had the following policies in effect for their insured, Statewide, MGL0157703; MXL0414333; MXL0414924; and MXL0370971, under which coverage for the aforementioned judgments may be had in favor of Plaintiffs.

25. Mt. Hawley received timely notice of the Underlying Lawsuit.

26. The Mt. Hawley Policies provides liability insurance coverage for the judgment that Plaintiffs obtained against Statewide.

27. Mt. Hawley is obligated to indemnify Plaintiffs, and its' liability is joint and several.

28. Mt. Hawley is bound by the Judgments entered by the Honorable Brent N. Robinson in the Underlying Lawsuit and Ohio law.

29. All conditions precedent to coverage under the Mt. Hawley Policies have been met.

30. Mt. Hawley is liable to Plaintiffs for the full amount of One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) since the Plaintiffs obtained a judgment against Statewide in that amount in the Underlying Lawsuit, and the Mt. Hawley policy has an aggregate limit of Two Million and 00/100 Dollars ($2,000,000.00).

31. The Plaintiffs are entitled to Declaratory Judgment that Mt. Hawley is responsible for paying One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) plus interest for the judgment rendered against Statewide in the Underlying Lawsuit.

### CLAIM FOR RELIEF: DECLARATORY JUDGMENT (ROCKHILL INSURANCE)

32. Plaintiffs reincorporate, by reference, all of the proceeding paragraphs of this Complaint as if fully rewritten herein.

33. At all relevant times Afcose was responsible for the containment and disposition of asbestos containing materials at the Subject Property.

34. At all relevant times, and as adjudicated in the Underlying Lawsuit, Afcose violated its duties under applicable law.

35. At all relevant times, Afcose had insurance policies in effect covering Plaintiffs' damages in the Underlying Lawsuit.

36. At all relevant times the demolition work, actions and inactions of Afcose, which caused, contributed or gave rise to the $1,697,175.20 in joint and several damages awarded to Plaintiffs in the underlying matter occurred within all applicable insurance policy periods effective dates.

37. Afcose Group ("Afcose") had Commercial General Liability Policies, Nos. RPKGE00734100 and ENVP00669000 (the "Rockhill Policies") in effect with Rockhill Insurance Company ("Rockhill") at the time of occurrence that give rise to the OEPA's findings. A true and accurate copy of the Rockhill Policies are attached hereto as Exhibits 7 and 8.

38. Afcose's policies with Rockhill Insurance contains a grant of Commercial General Liability Coverage on forms CG 00 01 12 04.

39. Rockhill received timely notice of the Underlying Lawsuit.

40. The Rockhill Policies provide liability insurance coverage for the judgment that Plaintiffs obtained against Afcose.

41. Rockhill is obligated to indemnify Plaintiffs and its liability is joint and several.

42. Rockhill Insurance is bound by the Judgment entered by the Honorable Brent N. Robinson in the Underlying Lawsuit and Ohio law.

43. All conditions precedent under the Rockhill Policies have been met.

44. Upon information and belief, and in an abundance of caution, coverage from Rockhill for Plaintiffs' claims may also be found under Rockhill Policy of Insurance No. ENVP00106501 attached hereto as Exhibit 8.[5]

45. Rockhill is liable to Plaintiffs for the full amount of One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) since the Plaintiffs obtained a judgment against Afcose in that amount in the Underlying Lawsuit, and the Rockhill policies have an aggregate limit of Two Million and 00/100 Dollars ($2,000,000.00).

46. The Plaintiffs are entitled to Declaratory Judgment that Rockhill is responsible for paying One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20), plus interest for the judgment rendered against Afcose in the Underlying Lawsuit.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendant as follows:

a. That a Declaratory Judgment be entered by the Court requiring the Defendant, Hawley Insurance to pay the amount of One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) for the judgment entered by this Court in the matter of *Mansfield Business Park, LLC, et al. v. Statewide Recycling and Realty Inc., et al.,* Case No. 13 CV 1011, and interest thereon.

b. That a Declaratory Judgment be entered by the Court requiring the Defendant, Rockhill Insurance Company to pay the amount of amount of One Million Six Hundred and Ninety-Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) for the judgment entered by this Court in the matter of *Mansfield*

---

[5] Should Exhibit 8 prove to provide coverage for an unrelated entity, and otherwise has no application to the within matter, Plaintiff's will voluntarily dismiss the allegations contained in Paragraph 38.

*Business Park, LLC, et al. v. Statewide Recycling and Realty Inc., et al.,* Case No. 13 CV 1011, and interest thereon.

c. That the Defendants be taxed the costs of this action, as well as the Underlying Lawsuit, including reasonable attorney fees, and prejudgment and post-judgment interest;

d. For any such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

/s/*Edward A. Proctor*
Edward A. Proctor (0069877)
Thomas J. Connick, Esq. (0070527)
25550 Chagrin Blvd., Suite 101
Beachwood, Ohio 44122
PH: (216) 364-0512 | FX: (216) 609-3446
Email: tconnick@connicklawllc.com
Email: eproctor@connicklawllc.com

Michael R. Blumenthal (0041200)
WAXMAN BLUMENTHAL LLC
Eton Tower
28601 Chagrin Boulevard, Suite 500
Cleveland, OH 44122
PH: 216-514-9400 | FX: 877-468-7077
Email:    mblumenthal@waxblu.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

*Edward A. Proctor*
Edward A. Proctor (0069877)

## CERTIFICATE OF SERVICE

The foregoing First Amended Complaint was filed electronically this 17th Day of April, 2017. This filing will be sent to all parties via email.

/s/ *Edward A. Proctor*
Edward A. Proctor (0069877)
Thomas J. Connick (0070527)
CONNICK LAW, LLC

*Attorneys for Plaintiffs*