**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MANSFIELD BUSINESS PARK, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  16-cv-01134 |
| | ) | |
| v. | ) | Hon. Judge Patricia Gaughan |
| | ) | |
| MT. HAWLEY INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ROCKHILL INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIRST
AMENDED COMPLAINT, COUNTERCLAIM AND THIRD PARTY COMPLAINT**

Defendant Rockhill Insurance Company ("Rockhill"), by and through its counsel, submits its Answer to Plaintiffs' First Amended Complaint, Counterclaim, and Third Party Complaint against Afcose.  In support thereof, Rockhill states as follows:

**THE UNDERLYING LAWSUIT**

1.     On September 16, 2013, Plaintiffs filed a lawsuit against Statewide Recycling & Recovery, Inc. and Statewide Mansfield, LLC ("Statewide"), the Afcose Group, LLC ("Afcose"), and Pete Velasquez d/b/a SOS Environmental (collectively "Underlying Defendants") for, ***inter alia,*** the Underlying Defendants' containment, disposition, and release of asbestos-containing materials in connection with the demolition of real property and improvements located at 245 East Fourth Street in Mansfield, Ohio, commonly known as the "Mansfield Business Park" ( "Subject Property").

**ANSWER:     Rockhill admits that Plaintiffs filed the Underlying Lawsuit on
September 16, 2013 against Statewide, Afcose, and Pete Velazquez d/b/a SOS
Environmental concerning the alleged release of asbestos-containing materials at the
Property.  Answering further, Rockhill states that the Underlying Lawsuit speaks for itself**

and denies any allegations contained in this paragraph to the extent they are inconsistent with the Lawsuit.

2.      The underlying lawsuit, *Mansfield Business Park, LLC, et al. v. Statewide Recycling and Realty Inc., et al.,* Case No. 13 CV 1011 was filed in the Richland County Court of Common Pleas ("Underlying Lawsuit").  The Complaint in the underlying lawsuit is attached hereto as Exhibit 1.

**ANSWER:    Admit.**

3.      All Defendants in the Underlying Lawsuit were served with process and were under the subject matter and personal jurisdiction of the Richland County Court of Common Pleas.

**ANSWER:    The allegations in this paragraph are legal conclusions to which no response is required.    Answering further, Rockhill denies that proper service was effectuated on Afcose.  Rockhill is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.**

4.      On February 8, 2016, a Magistrate's Decision was issued pursuant to Ohio Rule of Civil Procedure 53(E).  A true and accurate copy of the court's Magistrate's Decision is attached hereto as Exhibit 2.  The Magistrate's Decision held in relevant part as follows:

> "1.     Shelley Walzak, property manager of IRG Realty Advisers LLC for plaintiff Ohio Realty Advisers LLC established through invoices and business records that defendants Statewide, Afcose and Velasquez are indebted to plaintiffs Mansfield Business Park, Ohio Realty and Lichter a total of $1,697,175.20, computed as follows:

| VENDOR | AMOUNT |
|---|---|
| Pinnacle Environmental Consultants | $   89,993.93 |
| Sitetech, Inc. | 554,806.40 |
| Ray Berolini Trucking | 1,010.000.00 |
| Dorband and Associates | 6,857.64 |

Nationalwide Fence Company                           35,511.30
                                                     ----------------
                        TOTAL                        $1,697,175.20

2.      The Magistrate finds those costs to be reasonable, necessary and the evidence credible for the environmental cleanup at the Mansfield Business Park Site.

* * * *

## CONCLUSIONS OF LAW/RECOMMENDED JUDGMENT

1.      It is recommended that plaintiffs Mansfield Business Park, Lichter and Ohio Realty Advisers nka IRG Realty Advisers be granted judgment against defendant Statewide, Afcose and Velasquez in the amount of $1,697,175.20.

2.      The judgment against the three defendants should be awarded with joint and several liability.  Liability for actions brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) (42 USCA 42 §9607) is joint and several.  A defendant may avoid joint and several liability under CERCLA if it can demonstrate the harm is divisible, but no such proof was offered in the instant case

* * * *

4.      The plaintiffs should be granted interest on the judgment at the 2016 statutory rate of 3.0% from the date the court rules on this Magistrate's Decision.

5.      Costs should be assessed against defendants Statewide, Afcose and Velasquez."

**ANSWER:    Rockhill admits that the Magistrate in the Underlying Lawsuit issued a decision on February 8, 2016.  Answering further, Rockhill states that the Magistrate's February 8, 2016 decision speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with such decision.**

5.      On March 10, 2016, Judge Brent N. Robinson and the Richland County Common Pleas Court journalized an Order adopting the Magistrate's Decision in its entirety. Additionally, the Court ordered that interest be "assessed at the legal rate provided in R.C.

1343.03 (A) and R.C. 5703.47 on monetary judgment(s) from the date of the magistrate's decision until paid." A true and accurate copy of the Court's Order is attached hereto as Exhibit 3.

**ANSWER:     Rockhill admits that the Court in the Underlying Lawsuit journalized an order on March 10, 2016.  Answering further, Rockhill states that the Court's order speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with such order.**

### THE SUPPLEMENTAL COMPLAINT AND THE UNDERLYING LAWSUIT

6.     On April 16, 2016, Plaintiffs filed their original supplemental complaint in the Richland County Court of Common Pleas, naming Mt. Hawley Insurance Company ("Mt. Hawley") and Rockhill Insurance Company ("Rockhill") as defendants.

**ANSWER:     Denied as stated.  Rockhill admits that Plaintiffs filed a complaint on April 11, 2016 in the Richland County Court of Common Pleas, naming Mt. Hawley Insurance Company ("Mt. Hawley") and Rockhill Insurance Company ("Rockhill") as defendants.  Answering further, Rockhill states that it filed an Answer, Counterclaim and Third Party Complaint in response to Plaintiffs' Complaint (Dkt. #6).**

7.     On or about May 10, 2016, Rockhill removed the Supplemental Complaint from the Richland County Common Pleas Court, to this Honorable Court.

**ANSWER:     Denied as stated.  Rockhill admits that it filed a Notice of Removal with this Court on May 12, 2016.**

8.     On July 8, 2016, Rockhill filed a Motion to Intervene and Vacate the Default Judgment Entered Against its insured Afcose Group, LLC.

**ANSWER:     Denied as stated.  Rockhill admits that on July 7, 2016, it filed a Motion to Intervene and Vacate the Default Judgement Entered against Afcose.**

4

9.      On July 13, 2016, Afcose Group, LLC, by and through counsel appointed by Rockhill, likewise filed a Motion to Vacate the Default Judgment Entered Against Afcose under Civ. R. 60(B)(5).

**ANSWER:    Admit.**

10.     On August 1, 2016, Plaintiffs filed a Combined Opposition to Rockhill's and Afcose's Motions.

**ANSWER:    Admit.**

11.     On September 23, 2016, the Richland County Common Pleas Court held oral arguments with regard to Rockhill and Afcose's Motions.

**ANSWER:    Admit.**

12.     At oral arguments, Rockhill was represented by Mr. David Alt, counsel for Rockhill in the within matter.

**ANSWER:    Admit.**

13.     At oral arguments, Afcose was represented by Mr. Gregory DeGulis, counsel hired by Rockhill on behalf of its insured Afcose.

**ANSWER:    Admit.**

14.     On December 5, 2016, Magistrate Gary Dalbey issued a Magistrate Decision in favor of Plaintiffs summarily denying Rockhill's and Afcose's respective motions. The December 5, 2016 Magistrate Decision is attached hereto as Exhibit 4.

**ANSWER:    Rockhill admits that Magistrate Dalbey issued a Magistrate Decision on December 5, 2016.   Answering further, Rockhill states that Magistrate Dalbey's December 5, 2016 decision speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with such decision.**

15.     Magistrate Dalbey held in relevant part the following:

"Afcose Group's motion to vacate default judgment pursuant to Civil Rule 60(B)(5) should be overruled because Afcose was properly served with the complaint after the plaintiff exercised reasonable diligence in serving Afcose.

\* \* \*

Whether a party exercises reasonable diligence is fact dependent and require taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address.  The Magistrate finds that the plaintiffs met the Supreme court standards...

\*\*\*

The motion of Rockhill Insurance Company to intervene and vacate Mansfield Business Parks' default judgment against defendant Afcose should be overruled.

\* \* \*

The magistrate has already concluded that the plaintiff used reasonable diligence in serving process upon defendant Afcose, and will not repeat that same analysis in regards to Rockhill's motion to vacate that default judgment.

\* \* \*

The plaintiff sets forth two reasons why Rockhill has no right to intervene: 1) Rockhill's motion fails to comply with the mandatory requirement of Civil Rule 24(C) that the motion have attached to it a separate pleading as defined in Civil Rule 7(A) setting forth the claim or defense for which intervention is sought, and 2) Rockhill's motion to intervene is not timely.

\* \* \*

Rockhill does not contend that it attached a separate pleading to its motion to intervene which addresses its claims or defenses but instead argues that it didn't need to because its motion to vacate advised the court of its reason to intervene. It cites two 8th district decisions in support of that position. But that position contradicts both the requirements of the rule itself and the holding of our 5th District Court of Appeals and the Ohio Supreme Court.

\*\*\*

Alternatively, the Magistrate would also conclude the motion was untimely filed. The Magistrate has inspected the subpoena duces tecum issued to Rockhill on April 23, 2014 from this court. The subpoena is clearly captioned with the parties, date, case number, and judge on its face. Exhibit A to the subpoena at paragraph 8

shows plaintiff Rockhill is seeking all insurance policies it has with Afcose as its insured. A letter submitted at the Magistrate's hearing indicated that Jerry Brumfield, Rockhill's VP-Associate General Counsel, Assistant Secretary, responded to the document request. Rockhill does not dispute it received the subpoena in April 2014. It is also undisputed that Rockhill filed its motion to intervene in July 2016 — 2 years and 3 months later."

\* \* \*

**ANSWER:     Rockhill admits that Magistrate Dalbey issued a Magistrate Decision on December 5, 2016.   Answering further, Rockhill states that Magistrate Dalbey's December 5, 2016 decision speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with such decision.**

16.     On April 6, 2017, the Richland County Court of Common Pleas journalized Judge Brent N. Robinson's Judgment Entry adopting the December 5, 2016 Magistrate Decisions summarily denying Rockhill's and Afcose's Motions. See Judge Robinson's Judgment Entry attached hereto as Exhibit 5.

**ANSWER:     Rockhill admits that Judge Robinson's judgment entry was journalized on April 6, 2017.   Answering further, Rockhill states that the Court's April 6, 2017 judgment entry speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with such entry.**

17.     Judge Robinson's Judgment Entry is a final appealable order, instructing the parties that there is no just reason for "dealy." [sic]

**ANSWER:     Rockhill states that the Court's April 6, 2017 judgment entry speaks for itself and denies any allegations contained in this paragraph to the extent they are inconsistent with such entry.**

**CLAIM FOR RELIEF:
DECLARATORY JUDGMENT
(MT. HAWLEY INSURANCE)**

18.     Plaintiffs reincorporate, by reference, all of the proceeding paragraphs of this Complaint as if fully rewritten herein.

**ANSWER:  Rockhill incorporates its responses to the proceeding paragraphs as though fully set forth herein.**

19.     At all relevant times Statewide was responsible for demolition of improvements and the containment and disposition of asbestos containing materials at the Subject Property.

**ANSWER:  The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

20.     At all relevant times, and as adjudicated in the Underlying Lawsuit, Statewide violated its duties under applicable law.

**ANSWER:  The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

21.     At all relevant times, Statewide had insurance policies in effect covering Plaintiffs' damages in the Underlying Lawsuit.

**ANSWER:  The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

22.    At all relevant times the demolition work, actions and inactions of Statewide, which caused, contributed or gave rise to the $1,697,175.20 in joint and several damages awarded to Plaintiffs in the underlying matter occurred within all applicable insurance policy periods effective dates.

**ANSWER:    The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

23.    Statewide had a Commercial General Liability Policy, containing original Policy No. MGL0174691 (the "Mt. Hawley Policy"), and bearing Renewal Policy No. MGL0174952, in effect with the Mt. Hawley Insurance Company ("Mt. Hawley") during the policy term of July 22, 2012 to July 22, 2013. A true and accurate copy of the Mt. Hawley policy is attached hereto as Exhibit 6.

**ANSWER:    The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

24.    Upon information and belief, Mt. Hawley had the following policies in effect for their insured, Statewide, MGL0157703; MXL0414333; MXL0414924; and MXL0370971, under which coverage for the aforementioned judgments may be had in favor of Plaintiffs.

**ANSWER:    The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or**

information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

25.     Mt. Hawley received timely notice of the Underlying Lawsuit.

**ANSWER:     The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

26.     The Mt. Hawley Policies provides liability insurance coverage for the judgment that Plaintiffs obtained against Statewide.

**ANSWER:     The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

27.     Mt. Hawley is obligated to indemnify Plaintiffs, and its' liability is joint and several.

**ANSWER:     The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

28.     Mt. Hawley is bound by the Judgments entered by the Honorable Brent N. Robinson in the Underlying Lawsuit and Ohio law.

**ANSWER:     The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or**

information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

29.    All conditions precedent to coverage under the Mt. Hawley Policies have been met.

**ANSWER:    The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

30.    Mt. Hawley is liable to Plaintiffs for the full amount of One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) since the Plaintiffs obtained a judgment against Statewide in that amount in the Underlying Lawsuit, and the Mt. Hawley policy has an aggregate limit of Two Million and 00/100 Dollars ($2,000,000.00).

**ANSWER:    The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

31.    The Plaintiffs are entitled to Declaratory Judgment that Mt. Hawley is responsible for paying One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) plus interest for the judgment rendered against Statewide in the Underlying Lawsuit

**ANSWER:    The allegations in this paragraph are directed at a party other than Rockhill.  To the extent a response is required, Rockhill states it is without knowledge or**

11

**information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

<u>**CLAIM FOR RELIEF:**</u>
<u>**DECLARATORY JUDGMENT**</u>
<u>**(ROCKHILL INSURANCE)**</u>

32.     Plaintiffs reincorporate, by reference, all of the proceeding paragraphs of this Complaint as if fully rewritten herein.

**ANSWER:   Rockhill incorporates its responses to the proceeding paragraphs as though fully set forth herein.**

33.     At all relevant times Afcose was responsible for the containment and disposition of asbestos containing materials at the Subject Property.

**ANSWER:   Rockhill is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.**

34.     At all relevant times, and as adjudicated in the Underlying Lawsuit, Afcose violated its duties under applicable law.

**ANSWER:   The Court's judgment entry in the Underlying Lawsuit speaks for itself.  Rockhill denies any allegations contained in this paragraph to the extent they are inconsistent with such entry.   Answering further, Rockhill is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.**

35.     At all relevant times, Afcose had insurance policies in effect covering Plaintiffs' damages in the Underlying Lawsuit.

**ANSWER:   Rockhill denies that the policies it issued to Afcose apply to provide coverage for Plaintiffs' alleged damages in the Underlying Lawsuit.  Answering further,**

Rockhill it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

36.     At all relevant times the demolition work, actions and inactions of Afcose, which caused, contributed or gave rise to the $1,697,175.20 in joint and several damages awarded to Plaintiffs in the underlying matter occurred within all applicable insurance policy periods effective dates.

**ANSWER:    Rockhill denies that the policies it issued to Afcose apply to provide coverage for Plaintiffs' alleged damages in the Underlying Lawsuit, and denies that the underlying matter occurred during the applicable Rockhill policy periods.  Answering further, Rockhill is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.**

37.     Afcose Group ("Afcose") had Commercial General Liability Policies, Nos. RPKGE00734100 and ENVP00669000 (the "Rockhill Policies") in effect with Rockhill Insurance Company ("Rockhill") at the time of occurrence that give rise to the OEPA's findings. A true and accurate copy of the Rockhill Policies are attached hereto as Exhibits 7 and 8.

**ANSWER:    Rockhill admits it issued to Afcose policy number R PKG E 007341-00 for the policy period of February 27, 2013 to April 25, 2013 and policy number ENVP006690-00 for the policy period of October 25, 2013 to October 25, 2014.  Answering further, Rockhill denies the Rockhill Policies were in effect at the time of the alleged event and/or damage that resulted in the Ohio EPA's May 28, 2013 findings and order.  Rockhill similarly denies the remainder of allegations in this paragraph to the extent they are inconsistent with the Rockhill Policies, which speak for themselves.**

38.    Afcose's policies with Rockhill Insurance contains a grant of Commercial General Liability Coverage on forms CG 00 01 12 04.

**ANSWER:    Rockhill admits that the Rockhill Policies each contain a Commercial General Liability Coverage Form (CG 00 01 12 04), but states that certain policy provisions under form CG 00 01 12 04 were modified by endorsements to the Policies.  Answering further, Rockhill denies the remainder of allegations in this paragraph to the extent they are inconsistent with the Rockhill Policies, which speak for themselves.**

39.    Rockhill received timely notice of the Underlying Lawsuit.

**ANSWER:    Denied.**

40.    The Rockhill Policies provide liability insurance coverage for the judgment that Plaintiffs obtained against Afcose.

**ANSWER:    Denied.**

41.    Rockhill is obligated to indemnify Plaintiffs and its liability is joint and several.

**ANSWER:    Denied.**

42.    Rockhill Insurance is bound by the Judgment entered by the Honorable Brent N. Robinson in the Underlying Lawsuit and Ohio law.

**ANSWER:    Denied.**

43.    All conditions precedent under the Rockhill Policies have been met.

**ANSWER:    Denied.**

44.    Upon information and belief, and in an abundance of caution, coverage from Rockhill for Plaintiffs' claims may also be found under Rockhill Policy of Insurance No. ENVP00106501 attached hereto as Exhibit 8.

**ANSWER:    Denied.**

45.     Rockhill is liable to Plaintiffs for the full amount of One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20) since the Plaintiffs obtained a judgment against Afcose in that amount in the Underlying Lawsuit, and the Rockhill policies have an aggregate limit of Two Million and 00/100 Dollars ($2,000,000.00).

**ANSWER:     Denied.**

46.     The Plaintiffs are entitled to Declaratory Judgment that Rockhill is responsible for paying One Million, Six Hundred and Ninety Seven Thousand, One Hundred and Seventy-Five and 20/100 Dollars ($1,697,175.20), plus interest for the judgment rendered against Afcose in the Underlying Lawsuit.

**ANSWER:     Denied.**

## AFFIRMATIVE DEFENSES

Rockhill hereby sets forth its separate and distinct potentially applicable defenses.  By listing any matter as an affirmative defense, Rockhill does not assume the burden of proving any matter that the Mansfield Parties and/or Afcose bear the burden of proof under applicable law.  The omission of any potential defense herein should not be construed as a waiver of such defense.  Rockhill reserves the right to assert additional defenses or supplement existing defenses pending disclosure and analysis of additional information during discovery in this action.

### First Affirmative Defense
**(Ripeness of Coverage Action)**

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent the default judgment and money judgment entered in the Underlying Lawsuit are found unenforceable.

## Second Affirmative Defense
### (Waiver/Release/Unclean Hands/Laches/Estoppel)

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, by the doctrines of waiver, release, unclean hands, laches, and/or estoppel.  The Mansfield Parties were aware of Rockhill's interest in avoiding a default judgment against Afcose in the Underlying Lawsuit when they issued a subpoena to Rockhill requesting copies of the Rockhill Polices.  Yet, the Mansfield Parties failed to inform Rockhill about the Underlying Lawsuit, default judgment, and default damages hearings during the Underlying Lawsuit.

## Third Affirmative Defense
### (Coverage Provided Only To Insured(s))

No coverage is provided under the Rockhill Policies to any person or entity other than the insured(s) named in the policies.  Because the Mansfield Parties are not insureds under the Rockhill Policies, Rockhill owes no coverage obligations to the Mansfield Parties.

## Fourth Affirmative Defense
### (No "Property Damage")

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent the costs incurred to clean-up the Property were expended to *prevent* injury or damage to the Property and, therefore, do not constitute sums that Afcose is legally obligated to pay as damages because of "property damage," as defined.

## Fifth Affirmative Defense
### (No Injury Or Damage During Policy Periods)

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent any "property damage" for which coverage is sought did not take place during the effective dates of the Rockhill Policies.  Specifically, the Ohio EPA's May 28, 2013 "Director's Final Findings and Orders" letter referenced asbestos-related issues at the Property dating back to 2011, several years prior to the inception of the Rockhill Policies.

### Sixth Affirmative Defense
**(No "Pollution Condition")**

The Mansfield Parties' claims against Rockhill may be barred under the Pollution Liability Coverage Parts of the Rockhill Policies, in whole or in part, to the extent that any "property damage" for which coverage is sought did not result from a discharge, dispersal, seepage, migration, release or escape of "pollutants," and therefore does not constitute a "pollution condition," as defined.

### Seventh Affirmative Defense
**("Your Work")**

The Mansfield Parties' claims against Rockhill may be barred under the Pollution Liability Coverage Parts of the Rockhill Policies, in whole or in part, to the extent that any "property damage" for which coverage is sought did not arise out of "your work," as defined. Specifically, the Complaint in the Underlying Lawsuit alleges that several entities, in addition to Afcose, were responsible for demolishing buildings and remediating asbestos-containing materials at the Property.

### Eighth Affirmative Defense
**(No Accident Or "Occurrence")**

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent that the events or the "property damage" or other matters alleged in the Underlying Lawsuit do not constitute "accidents" or "occurrences" as defined in the Rockhill Policies.  For example, the Mansfield Parties allege in the Underlying Lawsuit that Afcose "intentionally" concealed its acts or omissions and "acted with malice in flagrantly violating acceptable standards of conduct and knowingly endangered the Property and the public."  To the extent the damage alleged in the Underlying Lawsuit did not result from an accident, there was no "occurrence."

**Ninth Affirmative Defense**
**(Condition Precedent – Timely Notice)**

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent Rockhill was not provided with timely and proper notice of an "occurrence" and/or "pollution condition" which may result in a "claim" or "suit" as soon as practicable, and/or did not receive immediate notice of any "claim" or "suit," as required by the Rockhill Policies as conditions precedent to coverage. The court in the Underlying Lawsuit determined that service was perfected on Afcose on or about March 11, 2013. Afcose, however, did not notify Rockhill of the Underlying Lawsuit. Rockhill did not become aware of the Underlying Lawsuit until it was served with the Mansfield Parties' declaratory judgment complaint in this action on April 19, 2016, after a default judgment and money judgment had already been entered against Afcose in the Underlying Lawsuit. Similarly, the Ohio EPA's May 28, 2013 letter to the Mansfield Parties references discussions with representatives from Afcose on or about February 10, 2011 (more than two years prior to the inception of the 2013 Rockhill Policy) regarding the Ohio EPA's concerns due to asbestos-containing debris on the Property.

**Tenth Affirmative Defense**
**(Expected Or Intended Injury – Exclusion a.)**

The Mansfield Parties' claims against Rockhill may be barred under the Contractors Pollution Liability Coverage Parts of the Rockhill Policies to the extent any "property damage" for which coverage is sought was expected or intended from the standpoint of Afcose. Specifically, the Underlying Lawsuit alleges that Afcose intentionally undertook inadequate remediation work.

### Eleventh Affirmative Defense
### (Contractual Liability – Exclusion b.)

The Mansfield Parties' claims against Rockhill may be barred under the Contractors Pollution Liability Coverage Parts of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's assumption of liability in a contract or agreement.  Specifically, the Underlying Lawsuit includes a number of allegations and dedicated causes of action sounding in breach of contract.

### Twelfth Affirmative Defense
### (Damage To "Your Work" – Exclusion j.)

The Mansfield Parties' claims against Rockhill may be barred under the Contractors Pollution Liability Coverage Parts of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's work or any part of it and included in the "products-completed operations hazard."  Specifically, the Underlying Lawsuit alleges that Afcose inadequately performed asbestos remediation work at the Property.

### Thirteenth Affirmative Defense
### (Intentional Acts – Exclusion n.)

The Mansfield Parties' claims against Rockhill may be barred under the Contractors Pollution Liability Coverage Parts of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's intentional, willful or deliberate non-compliance with the law.  Specifically, the Underlying Lawsuit alleges numerous intentional violations of local, state and federal laws.

### Fourteenth Affirmative Defense
### (Known Injury Or Damage – Exclusion r.)

The Mansfield Parties' claims against Rockhill may be barred under the Contractors Pollution Liability Coverage Parts of the Rockhill Policies to the extent that, prior to the inception of one or more of the policy periods of the Rockhill Policies, any insured became

aware that "property damage" had occurred in whole or in part.  Specifically, the Ohio EPA's May 28, 2013 letter to the Mansfield Parties references discussions with representatives from Afcose on or about February 10, 2011 (more than two years prior to the inception of the 2013 Rockhill Policy) regarding the Ohio EPA's concerns due to asbestos-containing debris on the Property.

### Fifteenth Affirmative Defense
### (Fines/Penalties/Punitive Damages)

To the extent the Mansfield Parties seek coverage under the Commercial General Liability Coverage Parts of the Rockhill Policies, such claims may be barred to the extent they involve any claimed loss that results from the imposition of civil fines, penalties, or punitive damages.

### Sixteenth Affirmative Defense
### (Failure To Mitigate Damages)

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent that Afcose or the Mansfield Parties failed to mitigate, minimize or avoid any "property damage" and/or a failed to mitigate, minimize or avoid liabilities.  Specifically, we understand the Ohio EPA was in contact with Afcose and the Mansfield Parties on numerous occasions and issued multiple Notice of Violation letters to the Mansfield Parties before any action was taken to properly remove asbestos-containing materials from the Property.

### Seventeenth Affirmative Defense
### (Misrepresentation/Non-Disclosure)

To the extent it is determined that Afcose (or its agents or representatives) misrepresented, failed to disclose, or omitted material facts regarding its acts, practices or conditions or other material information in connection with any application for insurance or in connection with the issuance or renewal of the Rockhill Policies or any risk assumed under the

Rockhill Policies, the Mansfield Parties' claims may be barred, in whole or in part, insofar as Rockhill relied upon such misrepresentation or omission in issuing and/or renewing the Rockhill Policies.  Specifically, the Ohio EPA's May 28, 2013 letter to the Mansfield Parties references discussions with representatives from Afcose on or about February 10, 2011 (more than two years prior to the inception of the 2013 Rockhill Policy) regarding the Ohio EPA's concerns due to asbestos-containing debris on the Property.

### Eighteenth Affirmative Defense
**(Cooperation)**

The Mansfield Parties' claims against Rockhill may be barred to the extent that Afcose breached any policy conditions requiring Afcose to cooperate with Rockhill or prohibiting voluntary payments or the voluntary assumption of obligations.

### Nineteenth Affirmative Defense
**(Other Insurance)**

To the extent that the Mansfield Parties or Afcose is covered by other insurance, such insurance may be obligated to indemnify the Mansfield Parties or Afcose from any and all alleged claims.  The Rockhill Policies may not cover the events and claims at issue in this matter to the extent such other insurance exists.

### Twentieth Affirmative Defense
**(Limits Of Liability)**

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent that the Mansfield Parties seek indemnity in excess of limits of liability of, or set forth in, the Rockhill Policies.

### Twenty-First Affirmative Defense
#### (Pre-Tender Costs)

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, for any costs, expenses or payments made in connection with any claim before that claim was tendered to Rockhill.

### Twenty-Second Affirmative Defense
#### (Proper Allocation Required)

To the extent that the Rockhill Policies may be determined to otherwise respond to any claim, a proper allocation of the loss or damages between Rockhill and applicable other insurers (whether named in this action or not) is required.

### Twenty-Third Affirmative Defense
#### (Exhaustion/Impairment Of Limits)

The Mansfield Parties' claims against Rockhill may be barred or reduced to the extent that the Rockhill Policies' limits have been exhausted or impaired.

### Twenty-Fourth Affirmative Defense
#### (Impairment Of Subrogation Rights)

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, to the extent that they or Afcose have impaired or prejudiced any right to subrogation, indemnification or contribution that Rockhill has or may have had.

### Twenty-Fifth Affirmative Defense
#### (Policy Provisions)

The Mansfield Parties' claims against Rockhill may be barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements and/or limitations contained in the Rockhill Policies.

**Twenty-Sixth Affirmative Defense**
**(Reservation of Rights)**

Rockhill reserves its rights to amend and/or supplement this Answer and these defenses to assert additional defenses.

WHEREFORE, Rockhill Insurance Company respectfully requests that this Court enter judgment in Rockhill's favor:

1. Dismissing the Mansfield Parties' Amended Complaint with prejudice;

2. Awarding Rockhill the costs and disbursements incurred in defending this action, including reasonable attorneys' fees; and

3. Awarding Rockhill such other further relief as this Court deems just and proper.

**ROCKHILL INSURANCE COMPANY'S COUNTERCLAIM FOR DECLARATORY JUDGMENT AGAINST THE MANSFIELD PARTIES AND THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT AGAINST AFCOSE**

Defendant/Counter-Plaintiff/Third-Party Plaintiff, Rockhill Insurance Company ("Rockhill"), by and through its counsel, submits this Counterclaim for Declaratory Judgment against Mansfield Business Park, LLC ("Mansfield"), Stuart Lichter ("Lichter"), Ohio Realty Advisors, LLC ("ORA") (collectively the "Mansfield Parties," unless individually referenced) and its Third-Party Complaint for Declaratory Judgment against Afcose Group LLP ("Afcose"), stating as follows:

**NATURE OF THE ACTION**

1. The core issue in this declaratory judgment action is whether Rockhill is obligated to satisfy a $1,697,175.20 default judgment entered against its insured, Afcose, in an underlying lawsuit captioned *Mansfield Business Park, LLC, et al. v. Statewide Recycling & Recovery, Inc. et al.*, Case No. 13-cv-1011 (the "Underlying Lawsuit"), filed in the Court of Common Pleas, Richland County, Ohio.  Through its Counterclaim against the Mansfield Parties, Rockhill seeks

a declaration that it owes no duty to indemnify the Mansfield Parties for the default judgment entered against Afcose in the Underlying Lawsuit.  Separately, through its Third-Party Compliant against Afcose, Rockhill seeks a declaration that it has no duty to defend or indemnity Afcose under the Rockhill Policies in connection with the Underlying Lawsuit and resulting judgment.

## THE PARTIES

2.      Rockhill is an insurance company organized and existing under the laws of Arizona, with its principal place of business located in Kansas City, Missouri.

3.      Upon information and belief, co-defendant Mt. Hawley Insurance Company is an insurance company organized and existing under the laws of Illinois, with its principal place of business in Peoria, Illinois.

4.      Upon information and belief, Plaintiff/Counter-Defendant Mansfield is a Delaware limited liability company with its principal place of business in Richfield, Ohio.

5.      Upon information and belief, Plaintiff/Counter-Defendant Lichter is a principal of Mansfield and is a resident of California.

6.      Upon information and belief, Plaintiff/Counter-Defendant ORA is an Ohio limited liability company with its principal place of business in Richfield, Ohio.

7.      Upon information and belief, Third-Party Defendant Afcose is an Ohio limited liability company with its principal place of business in Lorain, Ohio.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action, pursuant to 28 U.S.C. §§ 2201 and 2202, insofar as Rockhill seeks a declaration of its rights and duties under the insurance policies at issue.  Jurisdiction is also conferred by 28 U.S.C. § 1332(a), as complete diversity exists

between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to the claim herein occurred within this District.

## THE ROCKHILL POLICIES

10.     Rockhill issued to Afcose package policy number R PKG E 007341-00 for the policy period of February 27, 2013 to April 25, 2013 (the "2013 Rockhill Policy," attached as **Exhibit 1** to Dkt. #6).   The 2013 Rockhill Policy includes the following coverage parts: Contractors Pollution Liability Coverage - Occurrence, Commercial General Liability Coverage, and Professional Liability Coverage.   The Contractors Pollution Liability Coverage part has limits of $1 million for each Contractors Pollution Condition with a $2 million aggregate.   The Commercial General Liability Coverage part has limits of $1 million per occurrence with a $2 million aggregate.   The Professional Liability Coverage part has an each incident limit of $1 million with a $2 million aggregate.

11.     Rockhill also issued to Afcose package policy number ENVP006690-00 for the policy period of October 25, 2013 to October 25, 2014 (the "2014 Rockhill Policy," attached as **Exhibit 2** to Dkt. #6).   The 2014 Rockhill Policy includes the following coverage parts: Contractors Pollution Liability Coverage - Occurrence, Commercial General Liability Coverage, and Professional Liability Coverage.   The Contractors Pollution Liability Coverage part has limits of $1 million for each Contractors Pollution Condition with a $2 million aggregate.   The Commercial General Liability Coverage part has limits of $1 million per occurrence with a $2 million aggregate.   The Professional Liability Coverage part has an each incident limit of $1 million with a $2 million aggregate.

## FACTUAL BACKGROUND

## THE PROPERTY

12.     Mansfield is, and at all times relevant hereto, was the owner of real property and improvements located at 245 East Fourth Street in Mansfield, Ohio (the "Property").

13.     On October 13, 2010, Mansfield entered into a contract with Statewide Recycling and Recovery, Inc. ("Statewide") to demolish various buildings on the Property.

14.     On December 15, 2010, Statewide, in turn, sub-contracted with Afcose and Pete Velasquez, d/b/a SOS Environmental ("SOS Environmental") to perform pre-demolition removal of asbestos materials from the buildings located on the Property.

15.     On or about February 10, 2011, the Mansfield Parties and Afcose met with representatives from the Ohio Environmental Protection Agency regarding health and safety concerns due to asbestos-containing debris on the Property.

16.     During its discussions with the Ohio EPA on February 10, 2011, Afcose acknowledged problems concerning insufficient asbestos surveys at the Property and underestimating the amount of asbestos within in the buildings on the Property.

17.     During its discussions with the Ohio EPA on February 10, 2011, Afcose acknowledged leaving an "open bag of dry, asbestos-containing pipe wrap" on the Property.

18.     On November 12, 2012, the Ohio EPA issued a Notice of Violation letter to the Mansfield Parties related to the Property.  The Notice of Violation letter cited the Mansfield Parties for failing to remove friable asbestos-containing materials prior to demolition of buildings on the Property, and for failing to keep the asbestos-containing waste materials adequately wet at all times during and after demolition, in violation of Ohio Admin. Code Rules 3745-20-04(A)(1) and 3745-20-05(B)(2).

19.     On December 7, 2012, the Mansfield Parties and Afcose met with representatives of the Ohio EPA to discuss sampling the asbestos-containing demolition debris on the Property.

20.     On or about February 23, 2013, the Ohio EPA issued a second Notice of Violation Letter to the Mansfield Parties concerning alleged insufficient asbestos-abatement at the Property.

21.     On or about May 28, 2013, the Ohio EPA issued its "Director's Final Findings and Orders" to the Mansfield Parties, stating that asbestos-containing materials had been improperly disposed in violation of Ohio Admin. Code Chapter 3745-20 and R.C. 3705(G), and ordering the Mansfield Parties to immediately remove the asbestos-containing materials from the property and transport them to a licensed landfill on or before June 30, 2013.

### THE UNDERLYING LAWSUIT

22.     On September 16, 2013, the Mansfield Parties filed the Underlying Lawsuit against Statewide, Afcose and SOS Environmental, alleging that each defendant breached their respective duties of care in performing work at the Property and failed to comply with applicable federal, state and local laws concerning the proper removal of asbestos and asbestos-containing materials at the Property.

23.     The Underlying Lawsuit asserted the following causes of action against Afcose: Count 3 – Negligence; Count 6 – Negligence Per Se; Count 9 – CERCLA Section 107(a), 42 U.S.C. § 9607(a); Count 12 – Recklessness, Wanton Conduct or Malice; Count 15 – Strict Liability; Count 18 – Intentional Fraudulent Concealment; and Count 21 – Negligent Misrepresentation.

24.     The Underlying Lawsuit sought to recover compensatory damages, pre-judgment and post-judgment interest, punitive and exemplary damages, reasonable attorneys' fees, and such other relief as the court deemed just and proper.

## THE DEFAULT JUDGMENT AGAINST AFCOSE

25.     On or about September 17, 2013, the Richland County Clerk of Court issued a summons and complaint to Afcose by Certified Mail at the following address:  Afcose Group LLC, 700 Broadway Avenue, Suite 102, Lorain, OH 44512.  Service was returned "attempted unknown" to the Clerk of Court on or about October 10, 2013.

26.     On or about November 6, 2013, the Mansfield Parties filed a Praecipe for Service, requesting Sheriff's service upon Afcose at a different address:  Afcose Group LLC, 763 Broadway, #205 Lorain, OH 44503.  Service upon Afcose was returned as "unsuccessful" on or about December 12, 2013.

27.     On or about December 27, 2013, the Mansfield Parties filed a second Praecipe for Service, requesting service upon Afcose's statutory agent at the following address:  Afcose Group LLC, c/o Ronald Jackson, Statutory Agent, 700 Broadway, Suite 102, Lorain, Ohio 44053.  Service was again unsuccessful, and the return indicated that Afcose had "moved, left no forwarding address."

28.     On or about January 21, 2014, the Mansfield Parties filed an affidavit for service by publication on Afcose.

29.     On or about January 27, 2014, the Mansfield Parties issued a legal notice for publication by service on Afcose in the "Mansfield News Journal," a local newspaper.

30.     On or about March 11, 2014, the Mansfield Parties filed a "Notice of Filing Affidavit of Publication," in which the Mansfield Parties averred to the court that service upon Afocse was perfected upon March 6, 2014.

31.     On or about April 9, 2014, Plaintiff filed a motion for default judgment against Afcose.

32.     On or about April 22, 2014, the court in the Underlying Lawsuit entered a default judgment against Afcose.

### THE MANSFIELD PARTIES' SUBPOENA TO ROCKHILL AND RESULTANT KNOWLEDGE OF ROCKHILL'S INTEREST IN THE UNDERLYING LAWSUIT

33.     On April 23, 2014, the following day after securing a default judgement against Afcose, counsel for the Mansfield Parties issued a subpoena to Rockhill requesting that Rockhill produce certified copies of the Rockhill Policies.

34.     At the time of issuing their subpoena to Rockhill, the Mansfield Parties did not disclose to Rockhill that they were requesting the Rockhill Policies in connection with a pending lawsuit and default judgment entered against Rockhill's insured, Afcose.

35.     On April 29, 2014, Rockhill complied with the Mansfield Parties' subpoena and produced certified copies of the Rockhill Policies.

36.     On May 1, 2014, counsel for the Mansfield Parties acknowledged receipt of the certified Rockhill Policies, but did not mention the Underlying Lawsuit or default judgment entered against Rockhill's insured, Afcose.

37.     Thereafter, the court in the Underlying Lawsuit held several hearings on default damages.

38.     Afcose did not appear, participate, or defend itself during the default damages hearings in the Underlying Lawsuit.

39. The Mansfield Parties did not alert Rockhill of the hearings on default damages or invite Rockhill to attend such hearings.

40. On February 8, 2016, the Magistrate Judge in the Underlying Lawsuit issued a decision concerning default damages.

41. The Magistrate determined that the Mansfield Parties sufficiently demonstrated, through invoices and business records, that defendants were indebted to Plaintiff for the following amounts:

| Vendor | Amount |
|---|---|
| Pinnacle Environmental Consultants | $89,999.93 |
| Sitetech Inc. | $554,806.40 |
| Ray Bertolini Trucking | $1,010,000.00 |
| Dorband and Associates | $6,857.64 |
| Nationwide Fence Company | $35,511.30 |
| **TOTAL** | **$1,697,175.20** |

42. The Magistrate held that Afcose, Statewide, and SOS Environmental were jointly and severally liable under CERCLA for payment of the $1,697,175.20 judgment.

43. On March 9, 2016, pursuant to the Magistrate's recommendation, Judge Robinson entered a monetary judgment against Afcose, Statewide and SOS Environmental in the amount of $1,697,175.20.

<u>**NOTICE TO ROCKHILL**</u>

44. On April 11, 2016, the Mansfield Parties filed this insurance coverage litigation captioned *Mansfield Business Park, LLC, et al. v. Mt. Hawley Ins. Co., et al.*, Case No. 2016-cv-0390, in the Court of Common Pleas, Richland County, Ohio (the "Coverage Action").

45. The Mansfield Parties' Complaint in the Coverage Action seeks a judicial declaration that Rockhill and Mt. Hawley, pursuant to O.R.C. § 3929.06, are obligated to satisfy the $1,697,175.20 default judgment entered in the Underlying Lawsuit.

46.     The Mansfield Parties did not notify Rockhill of the Underlying Lawsuit or default judgment against Afcose before filing suit against Rockhill in the Coverage Action.

47.     Afcose did not notify Rockhill of the Underlying Lawsuit or its default judgment in the Underlying Lawsuit until after the Coverage Action was filed.

## COUNT I
### (DECLARATORY JUDGMENT AGAINST THE MANSFIELD PARTIES – NO LEGAL OBLIGATION TO PAY UNENFORCEABLE DEFAULT JUDGEMENT AGAINST AFCOSE)

48.     Rockhill incorporates the allegations set forth the in proceeding paragraphs as though fully set forth herein.

49.     The Mansfield Parties' claims against Rockhill in this action are premised upon the application of Ohio Rev. Code. § 3929.06.

50.     Ohio Rev. Code. § 3929.06 authorizes the commencement of a civil action against a liability insurer where a final and enforceable judgment has been entered against the insured and the liability policy provides coverage for the judgment.

51.     The Rockhill Policies' Insuring Agreements apply only to sums that the insured becomes legally obligated to pay as damages.

52.     The judgment in the Underlying Lawsuit is not enforceable as Afcose was never properly served with the Complaint in the Underlying Lawsuit.  Thus, the judgment against Afcose in the Underlying Lawsuit is subject to vacatur by Afcose and/or Rockhill.

WHEREFORE, Rockhill Insurance Company seeks a declaratory judgment from this Court for the following relief:

1.  Determining, adjudicating and declaring the rights, status and obligations of Rockhill and the Mansfield Parties under the Rockhill Policies with respect to any injuries, damages, liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

2.  Determining, adjudicating, and declaring that Rockhill has no obligation to indemnify the Mansfield Parties under the Rockhill Policies with respect to Afcose's alleged liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

3.  Awarding Rockhill its reasonable fees and costs, including reasonable attorneys' fees, from this action; and

4.  Awarding Rockhill such other further relief as this Court deems just and proper.

## COUNT II
### (DECLARATORY JUDGMENT AGAINST THE MANSFIELD PARTIES – LATE NOTICE)

53.  Rockhill incorporates the allegations set forth the in proceeding paragraphs as though fully set forth herein.

54.  In the alternative, to the extent the court finds that the underlying default judgment and money judgment entered against Afcose are enforceable, Rockhill seeks a judicial determination from this Court that Rockhill has no past, present or future obligation to indemnify the Mansfield Parties under the Rockhill Policies with respect to Afcose's alleged liability at the Property, including but not limited to any judgment entered against Afcose in the Underlying Lawsuit, based upon the breach of the Rockhill Policies' notice conditions.

55.  Specifically, the Contractors Pollution Liability Coverage Parts in the Rockhill Policies contain the following Conditions regarding proper notice under the Rockhill Policies:

**SECTION IV – CONDITIONS**

**1.   Duties in The Event Of a "Pollution Condition", "Claim" Or "Suit"**

A.   You must see to it that we are notified as soon as practicable of a "pollution condition" which may result in a "claim" or "suit".  To the extent possible, notice should include:

(1)   How, when and where the "pollution condition" took place;

    (2)    The names and addresses of any injured persons and witnesses; and

    (3)    The nature and location of any injury or damage arising out of the "pollution condition".

B.    If a "claim" if made or "suit" is brought against any insured, you must:

    (1)    Immediately record the specifics of the "claim" or "suit" and the date received; and

    (2)    You must see to it that we receive written notice of the "claim" or "suit" or "suit" as soon as practicable.

C.    You and any other involved insured must:

    (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection what the "claim" or "suit";

    (2)    Authorize us to obtain records and other information;

    (3)    Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit", and

    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

D.    No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expenses, other than for first aid, without our consent.

56.    The Rockhill Policies' Commercial General Liability Coverage Parts contain substantially similar notice conditions.  (Form CG 00 01 12 04 – Section IV 2.).

57.    The Rockhill Policies' Professional Liability Coverage Parts contain substantially similar notice conditions. (Form RHIC 6101 1/11 – Section IV.1.).

58.    In contravention to the Rockhill Policies' notice conditions, Rockhill was not provided with immediate notice of the Underlying Lawsuit.

59.    In contravention to the Rockhill Policies' notice conditions, Rockhill was not notified as soon as practicable of an "occurrence" and/or "pollution condition" which may result in a "claim" or "suit."

WHEREFORE, Rockhill Insurance Company seeks a declaratory judgment from this Court for the following relief:

1.     Determining, adjudicating and declaring the rights, status and obligations of Rockhill and the Mansfield Parties under the Rockhill Policies with respect to any injuries, damages, liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

2.     Determining, adjudicating, and declaring that Rockhill has no obligation to indemnify the Mansfield Parties under the Rockhill Policies with respect to Afcose's alleged liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

3.     Awarding Rockhill its reasonable fees and costs, including reasonable attorneys' fees, from this action; and

4.     Awarding Rockhill such other further relief as this Court deems just and proper.

## COUNT III
### (DECLARATORY JUDGMENT AGAINST THE MANSFIELD PARTIES – OTHER COVERAGE DEFENSES)

60.     Rockhill incorporates the allegations set forth the in paragraphs above as though fully set forth herein.

61.     In the alternative, to the extent the court finds that the underlying default judgment and money judgment entered against Afcose are enforceable, the Rockhill Policies' may also bar coverage for the Mansfield Entities based on one or more of the following grounds:

a.  Coverage is barred to the extent there has not been any injury that constitutes "property damage" as defined in the Rockhill Policies;

b.  Coverage is barred to the extent that any "property damage" for which coverage is sought occurred prior to the inception of or after the expiration of one or more of the policy periods of the Rockhill Policies;

c.  Coverage is barred under the Contractors Pollution Coverage Part of the Rockhill Policies to the extent that "property damage" for which coverage is sought did not result from a "pollution condition," as defined in the Rockhill Policies;

d.  Coverage is barred under the Contractors Pollution Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought did not arise out of "your work" as defined in the Contractors Pollution Liability Coverage part;

e.  Coverage is barred to the extent there has not been an "accident" or "occurrence" under the terms of the Rockhill Policies;

f.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought was expected or intended from the standpoint of Afcose (Exclusion a.);

g.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's assumption of liability in a contract or agreement (Exclusion b.);

h.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's work or any part of it and included in the "products-completed operations hazard." (Exclusion j.);

i.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is

sought arises out of Afcose's intentional, willful or deliberate non-compliance with the law (Exclusion n.);

j.  Coverage is barred under the Contractors Pollution Liability Coverage Part to the extent that, prior to the inception of one or more of the policy periods of the Rockhill Policies, any insured became aware that "property damage" had occurred in whole or in part (Exclusion r.);

k.  Coverage is barred to the extent that any claimed loss is, or results from, the imposition of civil or other fines, penalties, or punitive damages;

l.  Coverage is barred to the extent Afcose failed to mitigate, minimize or avoid any "property damage" and/or a failed to mitigate, minimize or avoid liabilities;

m.  Coverage is barred to the extent that Afcose misrepresented, failed to disclose, or omitted material facts regarding its acts, practices or other material information in connection with its application for insurance under the Rockhill Policies;

n.  Coverage is barred to the extent that Afcose breached any policy conditions requiring Afcose to cooperate with Rockhill or prohibiting voluntary payments or the voluntary assumption of obligations;

o.  Coverage is barred and/or limited due to the existence of other insurance available to the Mansfield Parties and/or Afcose;

p.  Coverage is barred and/or limited by virtue of the per occurrence limits and/or the aggregate limits applicable to the Rockhill Policies;

q.  Coverage is not available under the Rockhill Policies for any costs, expenses or payments made in connection with any claim before that claim was tendered to Rockhill;

r.  To the extent that one or more of the Rockhill Policies is found to provide coverage, then Rockhill's coverage obligations would be limited to its appropriate share of allocated liability;

s.  Coverage may be barred in whole or in part by the other terms, exclusions, conditions and limitations contained in the Rockhill Policies;

t.  Coverage may be barred in whole or in part by the doctrines of waiver, release, unclean hands, laches, and/or estoppel; and

u.  Coverage may be barred, in whole or in part, to the extent all or part of the Mansfield Parties' claims are not yet ripe for adjudication.

62.  Rockhill seeks a judicial determination from this Court that Rockhill owes no past, present or future obligation indemnify the Mansfield Parties under the Rockhill Policies' Commercial General Liability Coverage Parts in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property.

63.  Rockhill seeks a judicial determination from this Court that Rockhill owes no past, present or obligation indemnify the Mansfield Parties under the Rockhill Policies' Professional Liability Coverage Parts in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property.

WHEREFORE, Rockhill Insurance Company seeks a declaratory judgment from this Court for the following relief:

1. Determining, adjudicating and declaring the rights, status and obligations of Rockhill and the Mansfield Parties under the Rockhill Policies with respect to any injuries, damages, liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

2. Determining, adjudicating, and declaring that Rockhill has no obligation to indemnify the Mansfield Parties under the Rockhill Policies with respect to Afcose's alleged liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

3. Awarding Rockhill its reasonable fees and costs, including reasonable attorneys' fees, from this action; and

4. Awarding Rockhill such other further relief as this Court deems just and proper.

## COUNT IV
### (DECLARATORY JUDGMENT AGAINST AFCOSE – LATE NOTICE)

64.     Rockhill incorporates the allegations set forth the in paragraphs above as though fully set forth herein.

65.     In the alternative, to the extent the court finds that the underlying default judgment and money judgment entered against Afcose are enforceable, Rockhill seeks a judicial determination from this Court that Rockhill has no past, present or future obligation to defend or indemnify Afcose under the Rockhill Policies in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property, based upon the breach of the Rockhill Policies' notice conditions.

66.     Specifically, the Contractors Pollution Liability Coverage Parts in the Rockhill Policies contain the following Conditions regarding proper notice under the Rockhill Policies:

**SECTION IV – CONDITIONS**

**1.  Duties in The Event Of a "Pollution Condition", "Claim" Or "Suit"**

A.     You must see to it that we are notified as soon as practicable of a "pollution condition" which may result in a "claim" or "suit".  To the extent possible, notice should include:

(1)     How, when and where the "pollution condition" took place;

38

    (2)    The names and addresses of any injured persons and witnesses; and

    (3)    The nature and location of any injury or damage arising out of the "pollution condition".

B.    If a "claim" if made or "suit" is brought against any insured, you must:

    (1)    Immediately record the specifics of the "claim" or "suit" and the date received; and

    (2)    You must see to it that we receive written notice of the "claim" or "suit" or "suit" as soon as practicable.

C.    You and any other involved insured must:

    (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection what the "claim" or "suit";

    (2)    Authorize us to obtain records and other information;

    (3)    Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit", and

    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

D.    No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expenses, other than for first aid, without our consent.

67.    The Rockhill Policies' Commercial General Liability Coverage Parts contain substantially similar notice conditions. (Form CG 00 01 12 04 – Section IV 2.).

68.    The Rockhill Policies' Professional Liability Coverage Parts contain substantially similar notice conditions. (Form RHIC 6101 1/11 – Section IV.1.).

69.    In contravention to the Rockhill Policies' notice conditions, Rockhill was not provided with immediate notice of the Underlying Lawsuit.

70.    In contravention to the Rockhill Policies' notice conditions, Rockhill was not notified as soon as practicable of an "occurrence" and/or "pollution condition" which may result in a "claim" or "suit."

WHEREFORE, Rockhill Insurance Company seeks a declaratory judgment from this Court for the following relief:

1.  Determining, adjudicating and declaring the rights, status and obligations of Rockhill and Afcose under the Rockhill Policies with respect to any injuries, damages, liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

2.  Determining, adjudicating, and declaring that Rockhill owes no past, present or future obligation defend or indemnify Afcose under the Rockhill Policies in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property;

3.  Awarding Rockhill its reasonable fees and costs, including reasonable attorneys' fees, from this action; and

4.  Awarding Rockhill such other further relief as this Court deems just and proper.

## COUNT V
### (DECLARATORY JUDGMENT AGAINST AFCOSE – OTHER COVERAGE DEFENSES)

71.    Rockhill incorporates the allegations set forth the in paragraphs above as though fully set forth herein.

72.    In the alternative, to the extent the court finds that the underlying default judgment and money judgment entered against Afcose are enforceable,  the Rockhill Policies may also bar coverage for Afcose based on one or more of the following grounds:

a.  Coverage is barred to the extent there has not been any injury that constitutes "property damage" as defined in the Rockhill Policies;

b.  Coverage is barred to the extent that any "property damage" for which coverage is sought occurred prior to the inception of or after the expiration of one or more of the policy periods of the Rockhill Policies;

c.  Coverage is barred under the Contractors Pollution Coverage Part of the Rockhill Policies to the extent that "property damage" for which coverage is sought did not result from a "pollution condition," as defined in the Rockhill Policies;

d.  Coverage is barred under the Contractors Pollution Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought did not arise out of "your work" as defined in the Contractors Pollution Liability Coverage part;

e.  Coverage is barred to the extent there has not been an "accident" or "occurrence" under the terms of the Rockhill Policies;

f.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought was expected or intended from the standpoint of Afcose (Exclusion a.);

g.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's assumption of liability in a contract or agreement (Exclusion b.);

h.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is sought arises out of Afcose's work or any part of it and included in the "products-completed operations hazard." (Exclusion j.);

i.  Coverage is barred under the Contractors Pollution Liability Coverage Part of the Rockhill Policies to the extent any "property damage" for which coverage is

sought arises out of Afcose's intentional, willful or deliberate non-compliance with the law (Exclusion n.);

j.   Coverage is barred under the Contractors Pollution Liability Coverage Part to the extent that, prior to the inception of one or more of the policy periods of the Rockhill Policies, any insured became aware that "property damage" had occurred in whole or in part (Exclusion r.);

k.   Coverage is barred to the extent that any claimed loss is, or results from, the imposition of civil or other fines, penalties, or punitive damages;

l.   Coverage is barred to the extent Afcose failed to mitigate, minimize or avoid any "property damage" and/or a failed to mitigate, minimize or avoid liabilities;

m.  Coverage is barred to the extent that Afcose misrepresented, failed to disclose, or omitted material facts regarding its acts, practices or other material information in connection with its application for insurance under the Rockhill Policies;

n.   Coverage is barred to the extent that Afcose breached any policy conditions requiring Afcose to cooperate with Rockhill or prohibiting voluntary payments or the voluntary assumption of obligations;

o.   Coverage is barred and/or limited due to the existence of other insurance available to the Mansfield Parties and/or Afcose;

p.   Coverage is barred and/or limited by virtue of the per occurrence limits and/or the aggregate limits applicable to the Rockhill Policies;

q.   Coverage is not available under the Rockhill Policies for any costs, expenses or payments made in connection with any claim before that claim was tendered to Rockhill;

r. To the extent that one or more of the Rockhill Policies is found to provide coverage, then Rockhill's coverage obligations would be limited to its appropriate share of allocated liability;

s. Coverage may be barred in whole or in part by the other terms, exclusions, conditions and limitations contained in the Rockhill Policies; and

t. Coverage may be barred in whole or in part by the doctrines of waiver, release, unclean hands, laches, and/or estoppel.

u. Coverage may be barred, in whole or in part, to the extent all or part of the Mansfield Parties' claims are not yet ripe for adjudication.

73. Rockhill seeks a judicial determination from this Court that Rockhill owes no past, present or future obligation defend or indemnify Afcose under the Rockhill Policies' Commercial General Liability Coverage Part in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property.

74. Rockhill seeks a judicial determination from this Court that Rockhill owes no past, present or obligation defend or indemnify Afcose under the Rockhill Policies' Professional Liability Coverage Part in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property.

WHEREFORE, Rockhill Insurance Company seeks a declaratory judgment from this Court for the following relief:

1.      Determining, adjudicating and declaring the rights, status and obligations of Rockhill and Afcose under the Rockhill Policies with respect to any injuries, damages, liabilities and/or judgments in connection with the Underlying Lawsuit and/or Property;

2.      Determining, adjudicating, and declaring that Rockhill owes no past, present or future obligation defend or indemnify Afcose under the Rockhill Policies in connection with the Underlying Lawsuit, default judgment, and/or Afcose's alleged liability at the Property;

3.      Awarding Rockhill its reasonable fees and costs, including reasonable attorneys' fees, from this action; and

4.      Awarding Rockhill such other further relief as this Court deems just and proper.

DATE:  May 1, 2017              Respectfully submitted,

**ROCKHILL INSURANCE COMPANY**

By:        /s/ David J. Buishas       
             One of its attorneys

Crystal Maluchnik (crystal.maluchnik@janiklaw.com)
**Janik L.L.P.**
9200 South Hills Blvd. Suite 300
Cleveland, OH 44147
Ph:  440-838-7600
Fax:  440-838-7601

and

*David M. Alt
*David J. Buishas
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
(312) 762-3100
* Admitted *pro hac vice*

1742669

44

### CERTIFICATE OF SERVICE

     I hereby certify that on May 1, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


            /s/ David J. Buishas